UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN BARNHART, HOLLY STUART BARNHART,

    Plaintiffs,

vs.                            Case No. 2:11-cv-534-FtM-29DNF

WELLS FARGO BANK NA, as trustee, for option one mortgage loan trust 2007-CP1 asset-backed certificates, series 2007-CP1,

    Defendant.
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on consideration of Wells Fargo Bank, N.A.'s Partial Motion to Dismiss Complaint (Doc. #14) filed on December 30, 2011. Finding no response filed, on March 28, 2012, the Court directed plaintiffs to file a response or the Court would proceed without the benefit of a response. (Doc. #15.) On April 4, 2012, plaintiffs filed an Unopposed Motion for Extension of Time to File Respone [sic] to Motion to Dismiss (Doc. #16), which was granted (Doc. #17). The extended period of time has expired and no response has been filed to the pending motion to dismiss.

In the Unopposed Motion for Extension of Time, counsel indicates that he was retained by Chicago Title Insurance Company

to represent the interests of Brian Barnhart and Holly Stuart Barnhart (plaintiffs or Barnharts) to obtain clear title to certain real property.  An action was filed in state court in their name pursuant to the Title Policy.  The Barnharts have, through their own personal counsel, notified counsel herein that he is not authorized to take any action on their behalf.  Counsel offered to allow a substitution, consolidation, or dismissal, however the Barnharts stated that he should do whatever he deems appropriate at his own risk.  Without direction and unknown authority to act on behalf of the Barnharts, counsel states that he is providing the Barnharts with notice of his intent to withdraw from this action.  The motion was to be served on April 5, 2012.  Even though counsel requested additional time to respond "until such time as this Court has ruled upon the undersigned's soon to be filed motion to withdraw", no motion to withdraw or filing by the Barnharts have been made in this case.  (Doc. #16, p. 6.)

Included in the Unopposed Motion for Extension of Time is a statement that the motion to dismiss should not be granted, and if counsel had authority to file a response, the response would be as stated in paragraph 9 of the motion.  The Court finds that the motion to dismiss is due to be granted without prejudice to filing an amended complaint.  Therefore, the Court will consider the merits of the motion without the benefit of a further response.

Defendant seeks to dismiss Count II, for unjust enrichment, as barred by the existence of an express contract, the "As Is Contract for Sale and Purchase"[1] which is the subject of a related case, Case No. 2:11-cv-569-FTM-99SPC.  Defendant further argues that plaintiffs have failed to plead the requisite elements for a claim of unjust enrichment.  Counsel for plaintiffs concede that Count II could not stand *if* it is determined that an express contract exists, however plaintiffs argue that it can be plead in the alternative, and the motion is premature as the existence of an express contract has not been determined.

Taking all allegations as true, Erickson v. Pardus, 551 U.S. 89 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011), Wells Fargo conveyed certain real property to plaintiffs on November 24, 2012, as described in a Special Warranty Deed attached to the Complaint[2].  (Doc. #3, ¶ 7.)  In Count I, plaintiffs allege a breach of the warranties of title contained in the Special Warranty Deed.  In Count II, plaintiffs allege unjust enrichment because Wells Fargo accepted payment of $153,000.00 to purchase said property, even though Wells Fargo did not have title to the

---

[1] The Court will not consider the attached document as it is a matter outside the pleadings, and the Court declines to convert the motion to one for summary judgment.  Fed. R. Civ. P. 12(d).  The Court further finds that since the contract is not referenced in the Complaint, judicial notice is not appropriate.  Fed. R. Evid. 201.

[2] The Special Warranty Deed is attached to the Notice of Removal (Doc. #1).

property or the right to convey the property to plaintiffs, and retained the payment without conveying the property. Count II further restates the allegations in Count I as though fully set forth in Count II. As currently pled, the allegations are insufficient because counts cannot be incorporated into subsequent counts. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). As currently pled, Count II is a shotgun pleading, and it is not pled in the alternative as suggested by plaintiffs. Therefore, the motion to dismiss will be granted for this basis and the Court need not address the viability of Count II at this time.

Accordingly, it is now

**ORDERED**:

1. Wells Fargo Bank, N.A.'s Partial Motion to Dismiss Complaint (Doc. #14) is **GRANTED** without prejudice to plaintiffs filing an amended complaint.

2. Within **twenty-one (21) days** of this Opinion and Order, counsel for plaintiffs shall file a motion to withdraw and provide a forwarding address for plaintiffs; or, file an Amended Complaint.

3. Counsel for plaintiffs shall further file a Notice certifying service of this Order on plaintiffs in light of the intent to withdraw.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of July, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record